UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>MICHAEL PEAVEY-WRIGHT  ) | Case No. 2:19-cr-126-JDL |

**MOTION TO SUPPRESS**
**WITH INCORPORATED MEMORANDUM OF LAW**

**NOW COMES** Defendant, Michael Peavey-Wright, by and through his attorney, Molly Butler Bailey, and hereby respectfully MOVES this Honorable Court to order the suppression of all evidence gained as a result of the unlawful search of Defendant on February 22, 2019.

**FACTS**

1. Mr. Peavey-Wright is charged with Possession with Intent to Distribute 40 Grams or More of a Mixture of Substance Containing Fentanyl in docket number 2:19-mj-75.

2. On February 22, 2019, Mr. Peavey-Wright was a passenger in a vehicle that was involved in a traffic stop.

3. After Mr. Peavey-Wright informed police that he was from "Kittery, Massachusetts," Sgt. Pappas removed Mr. Peavey-Wright from the car.

4. Sgt. Pappas performed a pat down search of Mr. Peavey-Wright that yielded no results.

5. After finding no weapons upon his initial search, Sgt. Pappas spoke with Mr. Peavey-Wright for several minutes.

6. Sgt. Pappas then searched Mr. Peavey-Wright a second time.

7. While searching Mr. Peavey-Wright a second time Sgt. Pappas felt a circular object in Mr. Peavey-Wright's groin area.

8. According to the police report, Sgt. Pappas "manipulated" the item from Mr. Peavey-Wright's person.

## **MEMORANDUM OF LAW**

No right is more zealously protected than the "right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." *Union Pac. R. Co. v. Botsford*, 141 U.S. 250, 251 (1891). Regardless of his location, a person "is entitled to know that he will remain free from unreasonable searches and seizures." *Katz v. United States*, 389 U.S. 347, 359 (1967). Fourth Amendment protections apply equally to a "citizen on the street. . . [and] to the homeowner closeted in his study to dispose of his secret affairs." *Terry v. Ohio*, 392 U.S. 1, 8-9 (1968).

An officer may "conduct a *carefully limited* search of the outer clothing . . . in an attempt to discover weapons." *Id.* at 30 (emphasis added). In the present case, Sgt. Pappas first searched Mr. Peavey-Wright after removing him from the car. No weapons were found. Sgt. Pappas then searched Mr. Peavey-Wright a second time many minutes later, despite having cleared Mr. Peavey-Wright for weapons upon his first search. Having ascertained that Mr. Peavey-Wright was not carrying weapons, Sgt. Pappas did not have the right to conduct a second search. In doing so, Sgt. Pappas exceeded the bounds of the *Terry* doctrine and thus violated Mr. Peavey-Wright's right to be free from unreasonable searches and seizures. *Katz* at 347, 359. As a result, all evidence obtained as a result of the illegal search must be suppressed as "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

### A. Sgt. Pappas Illegally Maneuvered Contraband From Mr. Peavey-Wright's Person.

During a pat down search, a police officer may only seize an object "if its incriminating character is immediately apparent." *United States v. Schiavo*, 29 F.3d 6, 9 (1st Cir. 1994). In *Minnesota v. Dickerson*, the Court held that an officer improperly seized contraband when he "manipulate[ed] the contents of the defendant's pocket" to discover a lump of crack cocaine. 508 U.S. 366 (1993).

Here, Officer Duda states in his Continuation Report that Sgt. Pappas "completed a pat search on [Mr. Peavey-Wright.]. Sgt. Pappas located a large circular object in [Mr. Peavey-Wright's] groin area. Sgt. Pappas manipulated the object out of his pants." Despite feeling a 'circular object' that was clearly not a weapon, Sgt. Pappas continued his search, performing exactly the 'manipulating' action that is prohibited by *Minnesota v. Dickerson*.

The *Terry* doctrine allows only a "strictly circumscribed" search for weapons, and does not permit an officer to manipulate the contents of Mr. Peavey-Wright's pockets to search for contraband. *Terry* at 25-26. Sgt. Pappas procured contraband in a manner that was expressly disallowed. As a result, the evidence obtained from Mr. Peavey-Wright's must be suppressed as fruit of the poisonous tree. *Wong Sun* at 471, 488.

**WHEREFORE**, Defendant MOVES that any and all evidence obtained as a result of the illegal search be SUPPRESSED.

Dated: July 15, 2019                                   /s/ Molly Butler Bailey
                                                       Molly Butler Bailey, Esq.
                                                       Attorney for Defendant
                                                       Strike, Gonzales and Butler Bailey
                                                       Attorneys and Counselors at Law
                                                       400 Allen Avenue

Portland, ME  04103-3715
(207) 878-5519

**CERTIFICATE OF SERVICE**

I, Molly Butler Bailey, attorney for Michael Peavey-Wright, hereby certify that I have served, electronically, a copy of the above "MOTION TO SUPPRESS and INCORPORATED MEMORANDUM" upon Nicholas Scott, Assistant United States Attorney, United States Attorney's Office, 100 Middle Street, 6th Floor, East Tower, Portland, Maine, 04101, via the ECF system.

Dated:  July 15, 2019

/s/ Molly Butler Bailey
Molly Butler Bailey, Esq.
Attorney for Defendant
Strike, Gonzales and Butler Bailey
Attorneys and Counselors at Law
400 Allen Avenue
Portland, ME  04103-3715
(207) 878-5519