**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | No.  2:19-cr-00126-JDL |
| **v.** ) | |
| ) | |
| **MICHAEL CURTIS PEAVEY WRIGHT** ) | |

**GOVERNMENT'S SUMMATION ON**
**THE SUPPRESSION HEARING**

The United States of America, by and through its attorneys, Halsey Frank, United States Attorney for the District of Maine, and Nicholas Scott, Assistant United States Attorney, respectfully objects to defendant Michael Curtis Peavey Wright's motion to suppress (ECF No. 36).  Based on the facts established at the hearing on the defendant's motion to suppress, the United States requests that the motion be denied.

The key facts established at the hearing, are as follows:

- The defendant was a passenger in a Ford F150 pickup truck stopped while travelling northbound on Interstate 95 with an expired registration;

- The defendant and some of the other occupants were not wearing seatbelts;

- The stop occurred approximately a five hour drive away from the town where the registered owner resided;

- The vehicle's owner was not present;

- The defendant and two other passengers of the vehicle claimed that they did not have identification, despite evidence that they had engaged in lengthy travels;

- The operator was initially unable to provide proof of insurance and registration documents;

- Law enforcement database searches revealed that the operator's name was listed as part of a Maine narcotics investigation;

- The operator of the vehicle described her travels, her relationship to the other occupants, and the means by which she came to possess the vehicle in a vague, nearly incomprehensible manner, further arousing the Trooper's suspicions;

- The operator indicated that she and the other occupants had picked up the vehicle at a location in Kittery, Maine;

- Another occupant of the vehicle indicated that they had picked up the vehicle in Massachusetts;

- The operator informed Trooper Duda that the defendant's name was Louie, but the defendant informed Sgt. Pappas his name was Michael Wright;

- When asked where his license was "out of" the defendant replied Massachussets. When asked where in Massachussets, the defendant stated Kittery, Massachussets, a non-existent town;

- The defendant did not immediately provide his true name "Michael Curtis Peavy-Wright," and only indicated that his last name was hyphenated and included "Peavy" after extended efforts failed to verify his identity;

- Trooper Pappas conducted an initial pat down that did not result in the discovery of any weapons or contraband;

- Sgt. Pappas was unable verify the defendant's identity through multiple computer checks or radio communications with a dispatcher;

- A trained narcotics sniffing canine alerted to the vehicle occupied by the defendant and the three other occupants;

- Trooper Pappas patted the defendant down a second time, at which time he felt an item in the defendant's pants he believed to be a package of controlled substances;

- Trooper Pappas recovered the item, a plastic bag containing suspected fentanyl, by manipulating it from the outside of the defendant's pants;

- The contents of the plastic bag were later tested using a Tru Narc device, with presumptive positive results for fentanyl.

The defendant's only argument in favor of suppression is that the Sgt. Pappas illegally maneuvered contraband from the defendant's person during an unauthorized pat down. However, the totality of the circumstances collectively known to Sgt. Pappas and Trooper Duda provided them with probable cause to search the defendant and other occupants of the vehicle for controlled substances. Therefore, the search was lawful and the fruits of that search should not be suppressed.

The evidence also established that Sgt. Pappas had probable cause to believe that the defendant, having committed a traffic infraction by failing to wear a seatbelt,[1] lied about his identity in violation of Title 29-A §105 of Maine Motor Vehicle and Traffic Law, a Class E crime.[2] The government contends that the Court need not reach a conclusion as to whether the defendant actually lied about his identity. The appropriate inquiry is whether the facts, "viewed from the standpoint of a[] . . . reasonable police officer," provided probable cause to believe the defendant was lying about his identity. See Ornelas v. United States, 517 U.S. 690, 696 (1996). Here, it was

---

[1] Maine Motor Vehicle and Traffic Law Title 29-A §2081(3-A) requires the wearing of a seat belt by passengers of vehicle that is required by the United States Department of Transportation to be equipped with seat belts. The United States Department of Transportation has required passenger vehicles to be equipped with seat belts since 1968. Federal Motor Vehicle Safety Standards and Regulations, United States Department of Transportation, Standard 208.

[2] Title 29-A §105 of Maine Motor Vehicle and Traffic Law provides that "A person is guilty of a Class E crime if a law enforcement officer has probable cause to believe the person violated or is violating this Title and the person intentionally fails or refuses upon request to give the person's correct name, address or date of birth to a law enforcement officer."

beyond reasonable for Sgt. Pappas to believe the defendant was lying about his true identity. Sgt. Pappas therefore had probable cause to arrest the defendant, and to continue to investigate the defendant's identity by transporting him to the State Police Barracks for fingerprinting and further record searches. As such, Sgt. Pappas' search was also justified as incident to the defendant's lawful arrest.

## CONCLUSION

The search of the defendant was supported by probable cause and incident to a lawful arrest. As such, the resulting seizure of fentanyl and arrest of the defendant was lawful. The Government respectfully requests that the Defendants' motions be denied.

Date: October 8, 2019

Respectfully submitted,

Halsey Frank
United States Attorney

/s/Nicholas Scott
Assistant U.S. Attorney
United States Attorney's Office
100 Middle Street
Portland, ME 04101

## CERTIFICATE OF SERVICE

     I hereby certify that on October 8, 2019, I filed the foregoing written summation using the CM/ECF system, which will cause a copy to be sent to the following counsels:

James Mason, Esq.

                              /s/Nicholas Scott
                              Assistant U.S. Attorney
                              United States Attorney's Office
                              100 Middle Street
                              Portland, Maine 04101
                              Nicholas.scott@usdoj.gov